IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. |
| ex rel DEBORAH RIVA MAGID, | : | 96-CV-4346 |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| BARRY WILDERMAN, M.D.,P.C., | : | |
| BARRY WILDERMAN, M.D., ERIC | : | |
| GEWIRTZ, M.D., and STEVEN | : | |
| PALLONI, | : | |
| Defendants | : | |
| | : | |
| ARTHUR R. SHUMAN, Esquire, | : | |
| Movant | : | |

O R D E R

AND NOW, this        day of                    , 2006, upon consideration

of the motion of Arthur R. Shuman, Esquire for leave to withdraw as counsel in the

above-captioned matter, it appearing that actual conflicts exist both with regard to

Mr. Shuman's continued representation of the individual defendants and with regard

to Mr. Shuman's defense of his own position in Relator's Motion For Default

Judgment And Sanctions (Docket No. 182), it is hereby ORDERED and DECREED

that Mr. Shuman's motion is GRANTED. He shall be and hereby is permitted to

withdraw as counsel in the above-captioned matter. It is further ORDERED that Mr.

Shuman's formal response to Relator's Motion For Default Judgment And Sanctions

shall be filed on or before the        day of                    , 2006.

BY THE COURT:

_____

R. BARCLAY SURRICK, USDCJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. |
| ex rel DEBORAH RIVA MAGID, | : | 96-CV-4346 |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| BARRY WILDERMAN, M.D.,P.C., | : | |
| BARRY WILDERMAN, M.D., ERIC | : | |
| GEWIRTZ, M.D., and STEVEN | : | |
| PALLONI, | : | |
| Defendants | : | |
| | : | |
| ARTHUR R. SHUMAN, Esquire, | : | |
| Movant | : | |

### MOTION OF ARTHUR R. SHUMAN, Esquire FOR LEAVE TO WITHDRAW AS COUNSEL

TO THE HONORABLE R. BARCLAY SURRICK, UNITED STATES

DISTRICT COURT JUDGE:

NOW COMES ARTHUR R. SHUMAN, Esquire, *pro se*, and respectfully

moves This Court for an Order granting him leave to withdraw his appearance as

counsel for defendants Barry Wilderman, M.D., P.C., Barry Wilderman, M.D. and

Eric Gewirtz, M.D., and in support thereof, respectfully represents as follows:

1.      The above-captioned matter, based on the False Claims Act,  was

commenced on June 13, 1996 by the filing of a sealed Complaint.

2.      On January 22, 1997 the Government filed notice of its intention to

decline to intervene in the case.

3.      On January 20, 1998, Arthur R. Shuman, Esquire entered his

appearance on behalf of the Wilderman practice and the three individual defendants.

4.      On November 9, 2004, Arthur R. Shuman, Esquire brought to the

Court's attention the fact that a conflict existed as the result of his representation of

Dr. Palloni and the other defendants. Mr. Shuman was permitted to withdraw as Dr. Palloni's counsel and on November 10, 2004, Alfred J. Monte, Jr., Esquire entered his appearance for Dr. Palloni.

5.    On October 21, 2005, Relator filed a motion seeking the entry of a default judgment as to the defendants and an order of monetary sanctions as to the defendants and Mr. Shuman.

6.    The basis of Relator's motion was that, "Defendants and counsel for defendants Arthur R. Shuman, Esq. have withheld and likely destroyed critical, discoverable documents which were originally requested in 1998."

7.    On October 29, 2005, Mr. Shuman forwarded a letter to This Court in which he stated his and his clients' opposition to Relator's motion, sought a delay in the time to file a formal response until after the Levy privilege matters were resolved, and raised the question of conflict as between both himself and his clients and his clients. Mr. Shuman's letter is attached hereto, made a part hereof and designated as Exhibit "A".

8.    On November 10, 2005, Mr. Shuman filed brief responses on behalf of the Wilderman practice, Drs. Wilderman and Gewirtz, and himself to Relator's motion, in which the allegations of the motion were denied.

9.    On August 10, 2006, This Court issued a Memorandum and Order in which it resolved the Levy privilege claims and ordered Ms. Levy to testify.

10.    On August 15, 2006, This Court issued a Memorandum Order that required, *inter alia,* that defendants Wilderman, M.D., P.C., Wilderman, Gewirtz and their counsel, Mr. Shuman, file formal responses to Relator's motion within five (5) days of that Order.

11.     On August 17, 2006, Mr. Shuman filed a motion with This Court on behalf of the defendants and himself seeking enlargement of the time within which to file a formal response to Relator's motion. In that motion, Mr. Shuman indicated that the question of conflict would have to be resolved.

12.     Actual conflicts exist between Mr. Shuman as counsel for Drs. Wilderman and Gewirtz, and actual conflicts exist between Mr. Shuman's interests and those of his clients in defending against Relator's motion.

13.     These actual conflicts require that Mr. Shuman withdraw as counsel for any of the defendants involved in this matter.

14.     In addition, further questions of conflict and privilege will exist and arise in the course of any hearing or proceeding on Relator's motion.

15.     Mr. Shuman's affidavit is attached hereto, made a part hereof by reference, and marked as Exhibit "B".

WHEREFORE, Mr. Shuman respectfully requests that This Court enter an Order granting him leave to withdraw as counsel in this matter and granting him a reasonable period of time within which to file a formal response to Relator's motion for sanctions as to him.

Respectfully submitted,

ARTHUR R. SHUMAN, Esquire
Scott and Shuman, LLC
38017 Fenwick Shoals Boulevard
West Fenwick, Delaware 19975-9021
(302) 436-6200    (302) 436-7490 (fax)

Dated:  August 25, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. |
| ex rel DEBORAH RIVA MAGID, | : | 96-CV-4346 |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| BARRY WILDERMAN, M.D.,P.C., | : | |
| BARRY WILDERMAN, M.D., ERIC | : | |
| GEWIRTZ, M.D., and STEVEN | : | |
| PALLONI, | : | |
| Defendants | : | |
| | : | |
| ARTHUR R. SHUMAN, Esquire, | : | |
| Movant | : | |

## MEMORANDUM IN SUPPORT OF THE
## MOTION OF ARTHUR R. SHUMAN, Esquire
## FOR LEAVE TO WITHDRAW AS COUNSEL

## BACKGROUND

The above-captioned *qui tam* action was commenced pursuant to the False

Claims Act in June of 1996. It was unsealed and served upon defendants in December

of 1997. Arthur R. Shuman, Esquire entered his appearance for all defendants in

January of 1998 and has represented them continuously to the present time.[1]

In October of 2005, the Relator filed a Motion For Entry of A Default

Judgment against the defendants. In addition, the motion sought the imposition of

monetary and other sanctions against defendants' counsel, Mr. Shuman. Shortly after

that motion was filed and served, Mr. Shuman brought to the Court's attention the

fact that conflicts existed as between his individual clients, and between his clients

and himself with respect to that motion. Because the motion sought substantial

---

[1] In November of 2004, Mr. Shuman was permitted to withdraw as counsel for Dr. Palloni after he brought a conflict to Dr. Palloni's and the Court's attention. Alfred J. Monte, Jr., Esquire has represented Dr. Palloni since that time.

- 1 -

damages[2], Mr. Shuman filed a short response denying the allegations of the motion and sought the opportunity to file a more complete response after the resolution of certain privilege questions relating to Diane Levy, a witness in the case and the former billing clerk of the Wilderman practice.

On August 10, 2006, This Court entered an Order resolving the Levy privilege questions. On August 15, 2006, This Court entered an order directing defendants and Mr. Shuman to file a formal response to Relator's motion within five days. Mr. Shuman filed a motion seeking enlargement of the period within which the formal response was to be filed, citing the need to attempt resolution of conflicts as one of the reasons for the delay. This motion seeks Mr. Shuman's withdrawal as counsel.

## ARGUMENT

The Rules of Professional Conduct promulgated by the Supreme Court of Pennsylvania apply in the United States District Court for the Eastern District of Pennsylvania. L.R.Civ.Pro. 83.6(IV)(B); *Wolf, Block, Schorr & Solis Cohen v. Navon*, 2006 WL 680915 (USDCJ Dalzell, 2006) Rules 1.7, 1.8 and 1.9 govern the conduct of attorneys with regard to multiple representation conflicts and conflicts arising between the interests of clients and the attorney.

Rule of Professional Conduct 1.7 provides, in relevant part, as follows:

> **Rule 1.7. Conflict of Interest:  Current Clients**
>
> **(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if:**
>
> **(1) the representation of one client will be directly adverse**

---

[2] The motion seeks monetary damages for counsel fees and costs. There was an indication from Relator's counsel, during an earlier settlement conference, that this amount might be as much as $700,000.00.

- 2 -

to another client; or

(2) there is a significant risk that the representation of one or
more clients will be materially limited by the lawyer's responsibilities
to another client, a former client or a third person or by a
personal interest of the lawyer.

The Explanatory Comments to Rule 1.7 contains General Principles which provide
further guidance for the application of the rule to the present situation. General
Principle 1. provides in part that:

[1] Loyalty and independent judgment are essential elements
in the lawyer's relationship to a client. Concurrent conflicts
of interest can arise from the lawyer's responsibilities to another
client, a former client or a third person or from the lawyer's
own interests.

General Principle 4., which has direct application to this matter, provides in part:

[4] If a conflict arises after representation has been undertaken,
the lawyer ordinarily must withdraw from the representation,
unless the lawyer has obtained the informed consent of the
client under the conditions of paragraph (b). See Rule 1.16.
Where more than one client is involved, whether the lawyer may
continue to represent any of the clients is determined both by the
lawyer's ability to comply with duties owed to the former client
and by the lawyer's ability to represent adequately the remaining
client or clients, given the lawyer's duties to the former client.

In the present matter, Mr. Shuman's continued representation would violate
both subsections of Rule 1.7 because, as set forth in the attached affidavit (Exhibit
"B"), Mr. Shuman's representation of one of the doctors will impact negatively on
the interests of the other doctor, and because Mr. Shuman, in order to defend his
own interests, will find it necessary to attack his clients in order to establish his own
lack of culpability. These situations constitute *actual* as opposed to potential
conflicts, and require that Mr. Shuman be permitted to withdraw.

"The district court's power to disqualify an attorney derives from its

inherent authority to supervise the professional conduct of attorneys appearing before it. *Richardson v. Hamilton International Corp.*, 469 F.2d 1382, 1385-86 (3d Cir. 1972), cert. denied, 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1973); *E.F. Hutton & Co. v. Brown*, 305 F.Supp. 371, 376-77 (S.D.Tex.1969). As a general rule, the exercise of this authority is committed to the sound discretion of the district court and will be overturned on appeal only for an abuse of this discretion. *Greene v. Singer Co.*, 461 F.2d 242 (3d Cir.), cert. denied, 409 U.S. 848, 93 S.Ct. 54, 34 L.Ed.2d 89 (1972). This general rule is subject to one major exception. We have not confined our review to the abuse of discretion standard on issues of whether an ABA disciplinary rule prohibits certain professional conduct. Such issues 'leave little leeway for the exercise of discretion.' *American Roller Co. v. Budinger*, 513 F.2d 982, 985, n. 3 (3d Cir. 1975)." *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980)

The Pennsylvania Supreme Court, in *Martrans Gp. Inc. v. Pepper, Hamilton & Scheetz*, 529 Pa. 241, 602 A.2d 1277 (1992), addressed the relationship between the Rules of Professional Conduct and its common law predicate in the context of multiple representation conflicts.[3] The Supreme Court examined the common law fiduciary duty imposed upon attorneys with respect to their clients, and the ways in which concurrent conflicts violate that duty. The Court wrote:

> At common law, an attorney owes a fiduciary duty to his client; such duty demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest, and breach of such duty is actionable.(citations omitted) * * * Adherence to those fiduciary duties ensures that clients will feel secure that everything they discuss with counsel will be kept in confidence. (citations

---

[3] The direct holding in *Martrans* answered the question of whether an independent cause of action would exist against an attorney for conflicting representation. The Supreme Court reversed the Superior Court, holding that such a cause of action does exist in Pennsylvania.

omitted) * * * Long before the Code of Professional
Responsibility was adopted, and before the Rules of
Professional Conduct were adopted, the common law
recognized that a lawyer could not undertake a
representation adverse to a former client in a matter
"substantially related" to that in which the lawyer
previously had served the client.   The universally
recognized statement of this rule of law is *Consolidated
Theatres, Inc. v. Warner Bros. Circuit Management Corp.*,
216 F.2d 920 (2d Cir.1954).   The *Consolidated Theatres*
decision relied importantly on *T.C. Theatre Corp. v.
Warner Bros. Pictures, Inc., supra.*   Both of these cases
relied on decisions of now more than 50 years standing such
as *United States v. Bishop,* 90 F.2d 65 (6th Cir.1937);  and
*Gesellschaft Fur Drahtlose Telegraphie v. Brown,*
78 F.2d 410 (D.C.App.1935).

All of these decisions were rendered before there was a
Code of Professional Responsibility.   None was a disciplinary
case. *Consolidated Theatres* and *United States v. Bishop*
involved disqualification, which is a civil proceeding involving
legal responsibilities and legal and equitable remedies.   A motion
for disqualification is simply an injunctive order issued in a
case already pending.   The *Gesellschaft Telegraphie* case
involved misuse of confidences as an equitable defense to an action
by an attorney to collect a fee.

The legal obligation of a lawyer to refrain from misuse of a
client's confidences goes even further back, predating the
ABA Canons of Professional Ethics promulgated in 1908.
*See, e.g., Bowman v. Bowman,* 153 Ind. 498, 55 N.E. 422 (1899),
which was also a disqualification case.   The threatened violation
of this duty thus has been recognized as the basis for an injunction
for at least virtually a century, as stated in the leading treatise
on attorneys of about the same vintage.   See, 1 Thornton
on Attorneys at Law, § 180 (1914), quoted above.

(602 A.2d 1283-1285) Thus, in Pennsylvania, not only is continued representation of

multiple clients under the circumstances of this case a violation of the Rules of

Professional Conduct, but it also constitutes an actionable tort under the *Martrans*

analysis, and a basis for injunctive relief to disqualify the attorney.

"It is axiomatic that an attorney who undertakes representation of a client

owes that client both a duty of competent representation and the highest duty of honesty, fidelity, and confidentiality. *See, e.g., Office of Disciplinary Counsel v. Holston*, 533 Pa. 78, 619 A.2d 1054 (1993)." *Capitol Care Corp. v. Hunt*, 847 A.2d 75, 84 (2004) The conflicts extant in the instant case implicate each and every aspect of the fiduciary duty of counsel as described by the Court above.

In defending either of the doctors effectively against Relator's motion, counsel would have knowledge of statements made by the other which ought to be both disclosed to the opposite client and used in that client's defense;[4] counsel must be true in his representation to that client *alone to the exclusion of all others*, including the other client and himself; and finally, counsel must simultaneously disclose all relevant information to each client while holding confidential each client's disclosures. Mr. Shuman, in his response to Relator's motion, stated that the filing of the motion, coupled with the joinder of counsel as a defendant in that motion, "places the Respondent in the impossible position, both practically and ethically, of defending himself, defending his clients and having to testify." It is clear that that is the case, and that Mr. Shuman must be permitted to withdraw. That a multiplicity of issues will remain as the result of Mr. Shuman's status as a defendant in the motion, is apparent. Those issues will have to be individually addressed as they arise.[5]

---

[4] Further complicating this matter is the fact that Drs. Wilderman and Gewirtz are, and have been for some time, estranged from each other. They have declined to participate in joint meetings or conference calls and generally demonstrate an hostility towards each other. The reasons and rationales underlying this hostility is known to counsel *as the result of confidential disclosures from each of the doctors*. In each case, the known facts would be relevant to an assessment of the credibility of the other party, but cannot and would not be used by counsel *without violating the attorney-client privilege*. Because of this restriction, each client is negatively affected by the conflict.

[5] If Mr. Shuman is permitted to withdraw, his conduct will then be governed by Rule 1.9(c) relating to an attorney's duty to a former client, which provides that: "(c) A lawyer who has formerly represented

## CONCLUSION

For all of the reasons stated herein and because the Pennsylvania Rules of Professional Conduct as applied by This Court pursuant to LRCivPro. 83.6(IV)(B) so require, Movant respectfully requests that This Court enter an Order granting him leave to withdraw as counsel in the above matter.

Respectfully submitted,

ARTHUR R. SHUMAN, Esquire
Scott and Shuman, L.L.C.
38017 Fenwick Shoals Boulevard
West Fenwick, Delaware 19975
(302) 436-6200  (302) 436-7490 (fax)
*Pro Se*

Dated: August 25, 2006

---

a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client." Mr. Shuman's personal defense will, of necessity, require the use of such information.

**Exhibit "A"**

# *Scott and Shuman, L.L.C.*

## RR 6, Box 150, Bayville Center
## West Fenwick, Delaware 19975-9509
(302) 436-6200  (302) 436-7490 (fax)
ashuman@scottshumanlaw.com

---

K.William Scott, Esquire (DE, MD, PA, and NJ)        Mary Ellyn Rozell, Operations Mgr./Paralegal
Arthur R. Shuman, Esquire (MD, PA, Federal Cts.)     Jennifer K. Cutter, Legal Assistant
Susan D. Renehan, Title Services Manager             Katarzyna Boron, Legal Assistant
Jodi Leigh Lukens, Law Clerk/Paralegal Assistant

October 29, 2005

Honorable R. Barclay Surrick
United States District Court Judge
Room 8614, United States Courthouse
601 Market Street
Philadelphia, PA 19106

Transmitted by facsimile to (267) 299-5074 and by regular mail on even date

### Re: Magid ex rel United States v. Wilderman, et al
### No. 96-cv-4346

Dear Judge Surrick,

I have received Relator's Motion For Default And For Sanctions, which was filed on October 21st. Mr. Innelli and I had hoped to speak to Your Honor in a conference call regarding the motion, but we were not successful in making those arrangements with your office.

I wish to emphasize, speaking for both myself and my clients (Drs. Wilderman and Gewirtz), that I vigorously oppose the grant of the motion in any respect. I am unable, however, to file a formal response to the motion at this time for two reasons.

The first reason has to do with the materials that are currently filed with the Court under the Levy claim of privilege. Those materials and the information they contain are extremely material to our response to the motion, but cannot be utilized until the question of Ms. Levy's claim of privilege is resolved.

The second reason I am unable to file a formal response at this time is the fact that the motion accuses me of wrongdoing along with my clients and seeks sanctions. I believe that in order to effectively deal with the motion, it may be necessary for the doctors to have counsel other than myself. An additional problem relates to the fact that the positions of the two doctors may be

---

*"Look for the Scott and Shuman sign Just two miles West of the Beach on Route 54"*

different with respect to the motion and its allegations, and it may very well require that each of them have separate counsel.

It is because of these complications that we sought a conference with Your Honor. I again request that such a conference be scheduled and I respectfully request that the time for my clients and I to respond to the motion be enlarged until such time as Your Honor has decided the Levy privilege motion and the other issues can be resolved. It is critically important that neither myself nor my clients be deemed to have failed to oppose the motion at this time, and that Your Honor understand that we do oppose the grant of any of the relief sought..

Thank you for your consideration of these requests.

Sincerely,


**ARTHUR R. SHUMAN**


Cc:  Alfred P. Monte, Jr., Esquire (by fax to 610-584-9783)
     John F. Innelli, Esquire (by fax to 215-561-0012).

---

*"Look for the Scott and Shuman sign Just two miles West of the Beach on Route 54"*

Exhibit "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. |
| ex rel DEBORAH RIVA MAGID, | : | 96-CV-4346 |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| BARRY WILDERMAN, M.D.,P.C., | : | |
| BARRY WILDERMAN, M.D., ERIC | : | |
| GEWIRTZ, M.D., and STEVEN | : | |
| PALLONI, | : | |
| Defendants | : | |
| | : | |
| ARTHUR R. SHUMAN, Esquire, | : | |
| Movant | : | |

## AFFIDAVIT

STATE OF DELAWARE :
              :
COUNTY OF SUSSEX  :

ARTHUR R. SHUMAN, Esquire, being duly sworn according to law, deposes and says as follows:

1.     I am an attorney, admitted to practice in Pennsylvania and Maryland, and in the United States District and Circuit Courts. I have continuously engaged in the practice of law since 1972. I have never been disciplined in any court to which I am admitted or in which I have practiced. I have been admitted *pro hoc vice* in six other jurisdictions.

2.     I originally entered my appearance in the above-captioned matter on January 20, 1998, on behalf of all of the defendants.

3.     In August of 2004, Dr. Palloni brought to my attention for the first time that he had not joined the Barry Wilderman, M.D., P.C. practice as a member until January of 1996, after the expiration of the statutory period covered by this litigation.

- 1 -

At that time, I advised Dr. Palloni that I was in a conflict position because in order to vigorously defend his interests I would be required to highlight his non-involvement in policy and billing matters prior to January of 1996, which efforts would work to the detriment of the other defendants. That situation was brought to the Court's attention and I was permitted to withdraw as counsel for Dr. Palloni.

4.    On February 23, 2005, I brought to the Court's attention the fact that certain information regarding medicare claims had been provided to me by Diane Levy, the person responsible for billing at the Wilderman practice, and that that information had been provided to me under a claim of privilege by Ms. Levy. On that date, I was ordered by the Court to provide certain information and documents to Relator's counsel and to file others with the Court under a "Privilege Log" to await determination of the applicability of the privileges claimed. In addition, discovery was reopened to allow for the retaking of the depositions of Diane Levy and Charles P. Elliott, C.P.A., C.F.E.

5.    I promptly provided the required documents and Privilege Log to Relator's counsel on February 28, 2005.

6.    On March 8, 2005, Relator commenced the deposition of Diane Levy. During the course of that deposition, Diane Levy reiterated her claim of privilege regarding the information she provided to me, and refused to waive that privilege. She further indicated that she wished to have counsel appointed for her in order to litigate her claim of privilege. During the deposition, Ms. Levy made reference to a computer program which existed at the time of the processing of the claims which are the subject of this litigation. Ms. Levy explained that that computer program was used by her to input information and generate HCFA 1500 claim forms for the

Wilderman practice. After the deposition, Relator's counsel requested that defendants produce the computer program. I responded that I would speak to my clients and that we would attempt to do so.

7.      At my request, a search was made to determine whether or not the computer program requested by Relator's counsel was available, and if so, to acquire it and produce it. Because the Wilderman practice had ceased to exist in 2001, and no longer had any functioning office equipment, including computers, the search extended to any old, no longer used computers. Two computer "towers" were located in a garage and were provided to my investigator, Charles P. Elliott, who had a professional computer expert examine them to determine whether or not the requested program and files were present. It was determined that one of the computers contained files consistent with college projects and the like and did not include any practice related materials. This computer was determined to have been Dr. Wilderman's son's computer from his college years. The second computer had no programs or files on its hard drive and, in the opinion of the computer expert, had been "wiped clean" of files at some time in the late 1990's. This information was provided to Relator's counsel.

8.      On October 21, 2005, Relator filed a motion seeking the entry of default judgments as to the defendants and sanctions as to myself. The basis of the motion was alleged violations of discovery orders relating to discovery in the above-captioned case. Relator, in her motion, seeks "monetary sanctions against Defendants together with Arthur Shuman in the form of an imposition of attorneys' fees and costs and any other fines this Court deems appropriate." The allegation supporting this demand simply states that, "Defendants and counsel for defendants

Arthur R. Shuman, Esq. have withheld and likely destroyed critical, discoverable documents which were originally requested in 1998."

9.      I state unequivocally, that with the exception of the Diane Levy situation which was brought to This Court's attention and of which The Court is fully aware, and which did not involve documents that are either unavailable or which "would have proved Relator's case", I have not withheld or destroyed any documents of any kind involved in this case.

10.     In order to defend myself against Relator's motion, it is absolutely necessary for me to (a) disclose conversations with and information conveyed to me by my clients, and (b) provide testimony that will affect my clients' interests in this matter, and (c) provide testimony regarding (a) and (b), and present arguments regarding (a) and (b).

11.     I recall Mr. Innelli stating in the course of the settlement conference conducted by Magistrate Judge Smith in this matter, that costs and counsel fees at that point were some $700,000.00. Because of the substantial nature of the demand in Relator's motion, I must be free to defend myself and my interests and I cannot do so while continuing to represent the defendants herein.

12.     Additionally, because of the structure and operation of the Wilderman practice and the fact that the practice has not existed or operated since 2001, Drs. Wilderman and Gewirtz are cast in distinctly different roles and positions with regard to Relator's motion. For that reason, it is necessary to defend the two doctors with regard to the pending motion in distinctly different ways. The defense of one will necessarily affect the interests of the other, and the conflict in those interests may well effect the liability of the practice which implicates all of the defendants.

13.    The conflicts described herein, both between myself and my clients, and between my clients if represented by me, are actual conflicts as opposed to potential conflicts. As such, they must be addressed and alleviated. I have written the attached letter to Drs. Wilderman and Gewirtz (attached as Exhibit "C"). Both doctors called me to discuss the matter. Both Dr. Gewirtz and Dr. Wilderman understood and acknowledged the existence of the conflicts referred to herein. While each understood the problems implicit in the dual representation, each wished me to withdraw as to the other. I do not believe that either of them fully appreciates the nature of the conflict resulting from my need to defend my own interests. I believe the only way to eliminate these conflicts is by my withdrawal as counsel to any party in this matter. After such withdrawal, if permitted, issues will likely still arise regarding evidence to be presented and disclosures to be made.

**I HAVE CAREFULLY READ THE ABOVE AFFIDAVIT CONSISTING OF THIRTEEN (13) PARAGRAPHS AND IT IS TRUE AND CORRECT.**

_____
ARTHUR R. SHUMAN, Esquire

_Jennifer K. Cutter_  8/25/06

Jennifer K. Cutter
Notary Public
Sussex County, DE
My Term Expires 1/8/2010

- 5 -

Exhibit "C"

# *Scott and Shuman, L.L.C.*

### 38017 Fenwick Shoals Boulevard
### West Fenwick, Delaware 19975-9102
(302) 436-6200  (302) 436-7490 (fax)
ashuman@scottshumanlaw.com

---

K.William Scott, Esquire (DE, MD, PA, and NJ)          Mary Ellyn Rozell, Operations Mgr./Paralegal
Arthur R. Shuman, Esquire (MD, PA, Federal Cts.)       Jennifer K. Cutter, Legal Assistant
Jodi Leigh Lukens, Esquire (MD)                        Katarzyna Boron, Legal Assistant
Douglass Lee Mowrey, Esquire – Of Counsel             Susan D. Renehan, Title Services Manager


August 18, 2006


Eric Gewirtz, M.D.                          Barry S. Wilderman, M.D.
1393 Uxbridge Way                           (address withheld at client's request)
North Wales, PA 19454-3681

### Re: Magid v. Wilderman et al, 96-cv-4346

Dear Doctors,

I received the enclosed Memorandum Order late last week. I have already filed a motion to extend the deadline for filing the "formal response". I do not see how I can possibly continue representation of you and Barry given the conflicts that now exist.

Call me as soon as you receive and review this.

Sincerely,


**ARTHUR R. SHUMAN**

---



*"Look for the Scott and Shuman sign Just two miles West of the Beach on Route 54"*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. |
| ex rel DEBORAH RIVA MAGID, | : | 96-CV-4346 |
| Plaintiff | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| BARRY WILDERMAN, M.D.,P.C., | : | |
| BARRY WILDERMAN, M.D., ERIC | : | |
| GEWIRTZ, M.D., and STEVEN | : | |
| PALLONI, | : | |
| Defendants | : | |
| | : | |
| ARTHUR R. SHUMAN, Esquire, | : | |
| Movant | : | |

## CERTIFICATE OF SERVICE

I, ARTHUR R. SHUMAN, Esquire, hereby certify that I have served a true and correct copy of the Motion of Arthur R. Shuman, Esquire For Leave To Withdraw As Counsel upon the individuals noted below by first class mail, postage prepaid to the addresses indicated below:

John F. Innelli, Esquire
1818 Market Street, Suite 3620
Philadelphia, PA 19103

Alfred J. Monte, Jr., Esquire
Monte and McGraw
4092 Skippack Pike
Skippack, PA 19474

AUSA Susan Dein Bricklin, Esquire
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Barry S. Wilderman, M.D.
(address withheld at client's request)

Eric Gewirtz, M.D.
1393 Uxbridge Way
North Wales, PA 19454-3681

_____
ARTHUR R. SHUMAN

Dated: August 25, 2006